## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK ARNOLD and ELIZABETH ARNOLD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BAXTER HEALTHCARE CORPORATION, a corporation, | ) ) ) ) |
| Defendant. | ) ) |

Case No. _____

FILED: APRIL 16, 2008
08CV2168      PH
JUDGE HOLDERMAN
MAGISTRATE JUDGE KEYS

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Baxter Healthcare Corporation ("Baxter") files this Notice of Removal to remove this civil action from the Circuit Court of Cook County, State of Illinois, Law Division, where it was filed as Civil Action No. 2008-L-002562, to the United States District Court for the Northern District of Illinois, and state as follows:

1.    Baxter is the named Defendant in a civil action pending in the Circuit Court of Cook County, State of Illinois, Law Division, styled as *Patrick Arnold and Elizabeth Arnold, Plaintiffs v. Baxter Healthcare Corporation, a corporation, Defendant.*

2.    The action involves allegations related to Baxter's manufacture and supply of heparin.  Specifically, plaintiffs assert claims for strict liability, negligence, and loss of consortium predicated on allegations that Baxter, *inter alia*: (1) manufactured and supplied tainted and contaminated heparin that was administered to Plaintiff and (2) failed to warn Plaintiffs and others of the heparin's condition.  (*See* Compl. at Count I, ¶ 7; Count II, ¶ 7)

3.    The allegations in the Complaint overlap with similar allegations made in at least a dozen other heparin-related lawsuits that have recently been filed throughout the United States.

At least five of these other lawsuits are styled as class actions. Plaintiffs' counsel in one putative class action, *D'Amico v. Baxter Healtcare Corp.*, No. 9:08-cv-80311-KAM (S.D. Fla.), has moved the Judicial Panel for Multidistrict Litigation to consolidate these cases into a Multidistrict Litigation (MDL). *See* Motion of Plaintiff David D'Amico for Transfer of Actions to Southern District of Florida for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. Sec. 1407, *In re Heparin Prods. Liab. Litig.*, MDL No. 1953. If this case is removed and an MDL is approved, Defendants will move to transfer this case to the MDL for consolidated proceedings.

4.      Copies of all process, pleadings and orders served on or by Defendant in this action are attached as Exhibit A.

## FEDERAL QUESTION JURISDICTION

5.      Plaintiffs' Complaint is properly removable to federal court because Plaintiffs' claims raise a substantial federal question and therefore provide original federal question jurisdiction over this action under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(a); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363 (2005) (federal question jurisdiction proper where a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities).

6.      Specifically, Plaintiffs allege that Baxter was negligent in that it "failed to comply with all statutes, laws, regulations, and safety codes pertaining to the manufacture, production, distribution, storage, and sale of heparin." (Compl. ¶ 7(d)) The statues, laws, regulations, and safety codes at issue -- pertaining to the "manufacture, production, distribution, storage, and sale of heparin" are federal. The Federal Food, Drug, and Cosmetics Act, 21 U.S.C. § 301 *et seq.* ("FDCA"), and its accompanying regulations set forth, in detail, the relevant criteria. *See, e.g.,*

21 U.S.C. § 301 *et seq.*; *see also* 21 CFR 211 ("regulations in this part contain the minimum current good manufacturing practice for preparation of drug products for administration to humans or animals"). In contending that Baxter failed to meet these requirements, Plaintiffs ask the Court to assess whether Baxter complied with federal regulations and laws. Such allegations are therefore federal in nature.

7.      Moreover, Plaintiffs allege that Baxter failed to exercise reasonable care in "acquiring the ingredients for heparin only from producers and suppliers that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the FDA." (Compl. Count II, ¶ 7(i))  Whether the producers and suppliers at issue were properly FDA-approved requires resolution of federal law.

8.      Federal laws and regulations are implicated by additional allegations raised by plaintiffs' complaint, including negligent manufacture, distribution, and sale; failure to warn; and failure to properly and adequately test the heparin. (*See* Compl. Count II, ¶ 7)  The United States Food and Drug Administration ("FDA") is charged with the oversight of prescription drugs through the complex federal regulatory scheme set forth in the Federal Food, Drug, and Cosmetics Act, 1 U.S.C. § 321 et seq. ("FDCA") and its accompanying regulations. Plaintiffs' claims for relief are inextricably intertwined with this comprehensive federal scheme governing prescription drugs. In contending that Baxter is liable in this case for heparin administered to Plaintiff Patrick Arnold, Plaintiffs are challenging the adequacy of FDA procedures with which Baxter complied.

9.      For all of these reasons, Plaintiffs' well-pleaded complaint necessarily raises federal questions that are actually disputed and substantial. Thus, Plaintiffs' complaint raises a substantial federal question.

3

10.    A federal forum may entertain this dispute without disturbing any congressionally approved balance of federal and state judicial responsibilities.  Indeed, the federal government heavily regulates the drug industry through the FDA and FDCA -- making this case particularly appropriate for federal court jurisdiction.

11.    Accordingly, removal is proper under federal law since this is a civil action brought in state court over which the federal court has original jurisdiction based on the existence of a substantial federal question.  *See* 28 U.S.C. § 1331; *see id.* § 1441.

12.    Under 28 U.S.C. § 1441, principles of pendant jurisdiction, and supplemental jurisdiction under 28 U.S.C. § 1367, where the Court has jurisdiction over any portion of the action, the entire action may be removed to this Court.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

13.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days after the first receipt by Baxter through service of the Complaint.  Baxter was served with the Complaint on March 17, 2008.

15.    Pursuant to 28 U.S.C. §  1446(d), a copy of this notice is being served on all counsel of record and the clerk of the Circuit Court of Cook County, Law Division, State of Illinois.  (Exhibit B)

16.    Removal to the United States District Court for the Northern District of Illinois is appropriate because this action is being removed from the Circuit Court of Cook County, Law Division, State of Illinois, which is located within the Northern District of Illinois.

17.    By removing this action to this Court, Baxter does not waive any defense available to it.

4

18.    If any question arises as to the propriety of the removal of this action, Baxter requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Baxter Healthcare Corporation respectfully requests that this Notice of Removal be filed; that this action in the Circuit Court of Cook County, Law Division, State of Illinois, be removed to this Court; and that no further proceedings be had in the case in the Circuit Court of Cook County, Law Division, State of Illinois.

Dated this 16th day of April, 2008.

Respectfully submitted,


.      /s/ Leslie M. Smith, P.C.
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312)861-2000
facsimile:  (312)861-2200

## <u>CERTIFICATE OF SERVICE</u>

I, Leslie M. Smith, P.C., certify that on April 16, 2008, I caused copies of Defendants Baxter Healthcare Corporation's NOTICE OF REMOVAL to be served on plaintiffs' counsel by overnight delivery:

Susan E. Loggans & Associates, P.C.
33 N. LaSalle Street
Suite 1710
Chicago, IL  60602
(312) 201-8600


.      /s/ Leslie M. Smith, P.C.
Leslie M. Smith, P.C.

08CV2168  PH
JUDGE HOLDERMAN
MAGISTRATE JUDGE KEYS

# Exhibit A

Civil Action Cover Sheet - Case Initiation

(Rev. 2/8/06) CCL 0520

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Patrick Arnold and Elizabeth Arnold, plaintiff

v.

Baxter Healthcare Corporation, defendant

}

No. 2008L002562
CALENDAR/ROOM C
TIME 00:00
Product Liability

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein is
for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case type
which best characterizes your action. ONLY ONE (1) CASE TYPE
MAY BE CHECKED WITH THIS COVER SHEET.

Jury Demand  ☑ Yes  ☐ No

(FILE STAMP)

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:

☐ 027 Motor Vehicle
☐ 040 Medical Malpractice
☐ 047 Asbestos
☐ 048 Dram Shop
☑ 049 Product Liability
☐ 051 Construction Injuries
    (including Structural Work Act, Road
    Construction Injuries Act and negligence)
☐ 052 Railroad/FELA
☐ 053 Pediatric Lead Exposure
☐ 061 Other Personal Injury/Wrongful Death
☐ 063 Intentional Tort
☐ 064 Miscellaneous Statutory Action
    *(Please Specify Below**)*
☐ 065 Premises Liability
☐ 078 Fen-phen/Redux Litigation
☐ 199 Silicone Implant

### COMMERCIAL LITIGATION
CASE TYPES:

☐ 002 Breach of Contract
☐ 070 Professional Malpractice
    (other than legal or medical)
☐ 071 Fraud
☐ 072 Consumer Fraud
☐ 073 Breach of Warranty
☐ 074 Statutory Action
    *(Please Specify Below**)*
☐ 075 Other Commercial Litigation
    *(Please Specify Below**)*
☐ 076 Retaliatory Discharge

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:

☐ 007 Confession of Judgment
☐ 008 Replevin
☐ 009 Tax
☐ 015 Condemnation
☐ 017 Detinue
☐ 029 Unemployment Compensation
☐ 036 Administrative Review Action
☐ 085 Petition to Register Foreign Judgment
☐ 099 All Other Extraordinary Remedies

### OTHER ACTIONS
CASE TYPES:

☐ 062 Property Damage
☐ 066 Legal Malpractice
☐ 077 Libel/Slander
☐ 079 Petition for Qualified Orders
☐ 084 Petition to Issue Subpoena
☐ 100 Petition for Discovery

** _____

2168 3

By: _____
(Attorney)                    (Pro Se)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

SEL/LPG                08-023            02/28/08

STATE OF ILLINOIS        )
                         ) SS:
COUNTY OF COOK           )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

PATRICK ARNOLD and           )
ELIZABETH ARNOLD,            )
                             )
                 Plaintiffs, )
                             )
        v.                   )        No.
                             )
BAXTER HEALTHCARE CORPORATION, )
a corporation,               )
                             )
                 Defendant.  )

## COMPLAINT AT LAW

### COUNT I – STRICT LIABILITY IN TORT – BAXTER HEALTHCARE CORPORATION

Plaintiff, PATRICK ARNOLD, by and through his attorneys, SUSAN E. LOGGANS
& ASSOCIATES, P.C., and complaining of Defendant, BAXTER HEALTHCARE
CORPORATION (hereinafter "BAXTER HEALTHCARE"), a corporation, upon
information and belief state the following:

   1.      On and prior to January 16, 2008, Defendant, BAXTER HEALHCARE, was a
corporation authorized to transact business in the State of Illinois and was in the business of
designing, manufacturing, distributing, and selling medications, including the drug Heparin.

   2.      On and prior to January 16, 2008, Defendant, BAXTER HEALTHCARE, did
design, manufacture, distribute, and sell a drug known as Heparin.

1

3.      On and prior to January 16, 2008, heparin was designed, manufactured, distributed, and sold by Defendant, BAXTER HEALTHCARE, to Lee Memorial Health System – Health Park Medical Center in Fort Myers, Florida, for use by its medical personnel in the treatment of its patients.

4.      On January 16, 2008, heparin manufactured, supplied, and distributed by Defendant, BAXTER HEALTHCARE, was used by medical personnel at Lee Memorial Health System – Health Park Medical Center for use in the care and treatment of patients.

5.      On January 16, 2008, Plaintiff, PATRICK ARNOLD, was a patient at Lee Memorial Health System – Health Park Medical Center.

6.      On January 16, 2008, heparin designed, manufactured, distributed, and sold by Defendant, BAXTER HEALTHCARE, to Lee Memorial Health System – Health Park Medical Center was administered to Plaintiff, PATRICK ARNOLD.

7.      On and prior to January 16, 2008, and at the time the heparin left the control of Defendant, BAXTER HEALTHCARE, it was in a condition that was unreasonably dangerous in one or more of the following ways:

    a. The heparin was tainted, contaminated, and/or in an irregular condition capable of causing adverse reactions;

    b. The heparin was tainted, contaminated, and/or in an irregular condition and its labels, warnings, instructions, and directions failed to warn customers and consumers, of the dangerous propensities of the product, which risks were known or reasonably scientifically knowable to the defendant, BAXTER HEALTHCARE.

8.      As a proximate result of one or more of the aforementioned unreasonably dangerous conditions of the aforesaid heparin, Plaintiff, PATRICK ARNOLD, suffered and will continue to suffer injuries of a pecuniary nature.

2

WHEREFORE, Plaintiff, PATRICK ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

## COUNT II – NEGLIGENCE – BAXTER HEALTHCARE

Plaintiff, PATRICK ARNOLD, by and through his attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of Defendant, BAXTER HEALTHCARE, a corporation, upon information and belief state the following:

1-6.    The Plaintiff incorporates by reference the allegations of Count I, paragraphs 1 through 6, as though fully set forth herein.

7.    On and prior to January 16, 2008, Defendant, BAXTER HEALTHCARE, was negligent in one or more of the following ways:

    a.  Manufactured, distributed, and sold heparin, which constituted a hazard to the health of customers and consumers, including Plaintiff, PATRICK ARNOLD.

    b.  Failed to warn Plaintiff and other consumers of heparin that it was tainted, contaminated, and/or in an irregular condition capable of causing adverse reactions, risks of which were known or reasonably scientifically knowable to the Defendant;

    c.  Failed to warn the Plaintiff and other consumers that the heparin was not safe for its intended use;

    d.  Failed to comply with all statutes, laws, regulations, and safety codes pertaining to the manufacture, production, distribution, storage, and sale of heparin;

    e.  Failed to properly and adequately test its heparin and/or heparin ingredients prior to manufacturing, selling, or distributing it, to ascertain whether or not it was safe and proper for the purpose for which it was manufactured and sold;

    f.  Failed to use ingredients, supplies, and other constituent materials, in the production of heparin, that were reasonably safe, wholesome, free of defects, and free of contaminants;

3

    g. Failed to take other reasonable and necessary precautions to prevent the contamination of its heparin;

    h. Failed to exercise reasonable care in acquiring heparin and/or the ingredients for heparin from producers and suppliers that took reasonable and necessary precautions to prevent manufacturing, selling, and distributing heparin and/or heparin ingredients that were contaminated.

    i. Failed to exercise reasonable care in acquiring the ingredients for heparin only from producers and suppliers that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the FDA.

8.    As a result of the facts set forth in this Complaint at Law, Defendant, BAXTER HEALTHCARE, owed a duty to Plaintiff, PATRICK ARNOLD, to act with reasonable care. The Defendant, BAXTER HEALTHCARE, breached this duty and this breach proximately caused injuries to the Plaintiff, PATRICK ARNOLD.

9.    As a proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, BAXTER HEALTHCARE, Plaintiff, PATRICK ARNOLD, suffered and will continue to suffer injuries of a pecuniary nature.

WHEREFORE, Plaintiff, PATRICK ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

Count III – LOSS OF CONSORTIUM – STRICT LIABILITY IN TORT – BAXTER HEALTHCARE

Now comes the Plaintiff, ELIZABETH ARNOLD, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of Defendant, BAXTER HEALTHCARE, a corporation, upon information and belief state the following:

1-8.    Plaintiff, ELIZABETH ARNOLD, re-alleges paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of this Count III, as though fully set forth herein.

4

9.     At all pertinent times, ELIZABETH ARNOLD, was the lawfully wedded wife of the Plaintiff, PATRICK ARNOLD, and as a result of his injuries, she has sustained a loss of consortium, companionship, and support.

WHEREFORE, Plaintiff, ELIZABETH ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

## Count IV – LOSS OF CONSORTIUM – NEGLIGENCE – BAXTER HEALTHCARE

Now comes the Plaintiff, ELIZABETH ARNOLD, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of Defendant, BAXTER HEALTHCARE, a corporation, upon information and belief state the following:

1-9.     Plaintiff, ELIZABETH ARNOLD, re-alleges paragraphs 1 through 9 of Count II as and for paragraphs 1 through 9 of this Count IV, as though fully set forth herein.

10.     At all pertinent times, ELIZABETH ARNOLD, was the lawfully wedded wife of the Plaintiff, PATRICK ARNOLD, and as a result of his injuries, she has sustained a loss of consortium, companionship, and support.

WHEREFORE, Plaintiff, ELIZABETH ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

SUSAN E. LOGGANS & ASSOCIATES, P.C.

By _____
One of the Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 N. LaSalle Street
Suite 1710
Chicago, Illinois 60602
(312) 201-8600
Attorney ID No. 21683

5

1910 - No Fee Paid
1919 - Fee Paid
**Jury Demand**

CCG N067-10M-6/09/04 (                                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Patrick Arnold and Elizabeth Arnold, plaintiff

v.

Baxter Healthcare Corporation, defendant

No.

```
2008L002562
CALENDAR/ROOM C
TIME 00:00
Product Liability
```

### JURY DEMAND

**The undersigned demands a jury trial.**

_(Signature)_

Dated: March 6                    , 2008

Atty. No.: 21683
Name: Susan E. Loggans & Associates, P.C.
Atty. for: Plaintiff
Address: 33 N. LaSalle Street, Ste 1710
City/State/Zip: Chicago, IL 60602
Telephone: (312) 201-8600

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

STATE OF ILLINOIS        )
                         ) SS:
COUNTY OF COOK           )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

PATRICK ARNOLD and          )
ELIZABETH ARNOLD,           )
                            )
              Plaintiffs,   )
                            )
      v.                    )         No. 2008 L 2562
                            )
BAXTER HEALTHCARE CORPORATION, )
a corporation,              )
                            )
              Defendant.    )

## NOTICE OF ROUTINE MOTION

TO:   No one has answered or appeared on behalf of the defendants.

PLEASE TAKE NOTICE that on March 11 , 2008, at 8:45 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Davis, or any judge sitting in his/her stead, in the courtroom usually occupied by him/her in Room 2206, Richard J. Daley Center, Chicago, Illinois, and shall then and there present the attached Motion.

NAME:       SUSAN E. LOGGANS & ASSOCIATES, P.C.     Attorney for Plaintiff

ADDRESS:    33 North LaSalle Street
            Suite 1710

CITY:       Chicago, IL 60602

Telephone:  (312) 201-8600

Atty No.:   #21683

SEL/LPG/dms                    08-023                    03/07/08

STATE OF ILLINOIS      )
                       ) SS:
COUNTY OF COOK         )

FILED
Law Div. - 220
MAR 11 2008
Y BROWN
CLERK OF THE CIRCUIT COURT

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| PATRICK ARNOLD and<br>ELIZABETH ARNOLD, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     No. 2008 L 2562 |
| | ) |
| BAXTER HEALTHCARE CORPORATION,<br>a corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Now comes the plaintiffs, PATRICK ARNOLD AND ELIZABETH ARNOLD, by and through their attorneys Susan E. Loggans & Associates, P.C. and respectfully moves this Honorable Court for entry of an order appointing IT'S YOUR SERVE, License No. 117000885, as special process server in this matter to serve a Summons on BAXTER HEALTHCARE CORPORATION.

SUSAN E. LOGGANS & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: _____
One of Plaintiff's Attorney's

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 1710
Chicago, IL 60602
(312) 201-8600

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

Patrick Arnold and Elizabeth Arnold

v.

Baxter Healthcare Corporation

No.

```
2008L002562
CALENDAR/ROOM C
TIME 00:00
Product Liability
```

Please Serve:
Robert Parkinson, Jr.
1 Baxter Parkway
Deerfield, IL 60015
c/o Registered Agent:
CT CORPORATION
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 21683

Name: Susan E. Loggans & Associates, P.C.

Atty. for: Plaintiff

Address: 33 N. LaSalle Street, Ste 1710

City/State/Zip: Chicago, IL 60602

Telephone: (312) 201-8600

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ MAR 06 2008 _____

CLERK _____

Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*08-023/LPG*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
SUSAN E. LOGGANS & ASSOCIATES, P.C.
**COUNTY DEPARTMENT - LAW DIVISION**
**CASE NO. 2008L002562**
AFFIDAVIT OF SPECIAL PROCESS SERVER

MAR 18 2008

33 NORTH LA SALLE STREET
CHICAGO, ILLINOIS 60602

**Justin Turner**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( **X** ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( ) Subpoena
( ) Other:

1.      ( ) By leaving a copy with the named party, ------- personally on -------.

2.      ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.      ( **X** ) On the within party, **Baxter Healthcare Corporation** c/o CT **Corporation, R.A.** by leaving a copy with **Dawn Schulz, Service of Processor and Authorized Person**, on **March 17, 2008**, and informed that person of the contents thereof.

4.      ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Female**          RACE: **Caucasian**          APPROXIMATE AGE: **50**

5.      ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **208 S. La Salle, #814, Chicago, IL 60604**
TIME OF DAY: **11:07 AM**

C.C. VMW

6.      ( ) That he was unable to serve the within named party ------- located at ------- for the reason: -------

Signed and Sworn to before me
This **17**th day of **March 2008**.

Justin Turner
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

OFFICIAL SEAL
FELICIA CONROT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/19/11

* * * * * N O T I C E * * * * * *

CASE  08-L-002562

ARNOLD PATRICK          V.          BAXTER HEALTHCARE CORPRAT

THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON TUESDAY
THE 1ST DAY OF JULY IN ROOM 2206 AT  9:30 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL

* * * * *     ATTENTION    * * * * * *

ALL ATTORNEYS OF RECORD MUST APPEAR

```
08CV2168   PH
JUDGE HOLDERMAN
MAGISTRATE JUDGE KEYS
```

# Exhibit B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| PATRICK ARNOLD and | ) | |
| ELIZABETH ARNOLD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2008-L-002562 |
| | ) | |
| BAXTER HEALTHCARE | ) | |
| CORPORATION, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL TO DISTRICT COURT</u>

Defendant Baxter Healthcare Corporation ("Baxter") hereby gives notice to the Circuit Court of Cook County, Illinois, and to Susan E. Loggans, as attorney for plaintiff, that the defendants filed a Notice of Removal with the United States District Court for the Northern District of Illinois, and that this case has been removed to that court.  A true and correct copy of the Notice of Removal is attached as Exhibit A.

Dated this 16th day of April, 2008

Respectfully submitted,

_____

Leslie M. Smith, P.C.
Renee D. Smith
Andrew P. Bautista
Kirkland & Ellis LLP  (No. 90443)
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312)861-2000
facsimile:  (312)861-2200

1

## CERTIFICATE OF SERVICE

I, Leslie M. Smith, P.C., certify that on April 16, 2008, I caused copies of the

above titled document to be served on plaintiff's counsel, by overnight delivery:


Susan E. Loggans & Associates, P.C.
33 N. LaSalle Street
Suite 1710
Chicago, IL  60602
(312) 201-8600



_____
Leslie M. Smith, P.C.

2