**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PATRICK ARNOLD and** ) | |
| **ELIZABETH ARNOLD,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 1:08-cv-02168** |
| ) | |
| **BAXTER HEALTHCARE CORPORATION,** ) | |
| **a corporation,** ) | |
| ) | |
| **Defendant.** ) | |

**ANSWER OF BAXTER HEALTHCARE CORPORATION**

Defendant, BAXTER HEALTHCARE CORPORATION ("BHC"), by and through its

attorneys, KIRKLAND & ELLIS, LLP, respond to Plaintiffs PATRICK ARNOLD and

ELIZABETH ARNOLD's complaint.

COUNT I -- STRICT LIABILITY IN TORT -- BAXTER HEALTHCARE CORPORATION

1.     On and prior to January 16, 2008, Defendant, BAXTER HEALTHCARE, was a
corporation authorized to transact business in the State of Illinois and was in business of
designing, manufacturing, distributing, and selling medications, including the drug Heparin.

**ANSWER:**

BHC denies the allegation that it designs, has designed, or "is in the business of

designing" heparin.  BHC admits the remaining allegations of Paragraph 1 of Count I of the

Complaint.

2.     On an prior to January 16, 2008, Defendant, BAXTER HEALTHCARE, did
design, manufacture, distribute, and sell a drug known as Heparin.

**ANSWER:**

BHC denies the allegation that it designs, has designed, or "is in the business of designing" heparin.  BHC admits the remaining allegations of Paragraph 2 of Count I of the Complaint.

3.    On and prior to January 16, 2008, heparin was designed, manufactured, distributed, and sold by Defendant, BAXTER HEALTHCARE, to Lee Memorial Health System -- Health Park Medical Center in Fort Myers, Florida, for use by its medical personnel in the treatment of its patients.

**ANSWER:**

BHC is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 3 of Count I of the Complaint, and therefore, denies the same.

4.    On January 16, 2008, heparin manufactured, supplied, and distributed by Defendant, BAXTER HEALTHCARE, was used by medical personnel at Lee Memorial Health System -- Health Park Medical Center for use in the care and treatment of patients.

**ANSWER:**

BHC is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 4 of Count I of the Complaint, and therefore, denies the same.

5.    On January 16, 2008, Plaintiff, PATRICK ARNOLD, was a patient at Lee Memorial Health System -- Health Park Medical Center.

**ANSWER:**

BHC is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 5 of Count I of the Complaint, and therefore, denies the same.

6.    On January 16, 2008, heparin designed, manufactured, distributed, and sold by Defendant, BAXTER HEALTHCARE, to Lee Memorial Helath System -- Health Park Medical Center was administered to Plaintiff, PATRICK ARNOLD.

**ANSWER:**

BHC is without knowledge or information sufficient to form a belief as the truth of the allegations of Paragraph 6 of Count I of the Complaint, and therefore, denies the same.

7.    On and prior to January 16, 2008, and at the time the heparin left the control of Defendant, BAXTER HEALTHCARE, it was in a condition that was unreasonably dangerous in one or more of the following ways:

        a.    The heparin was tainted, contaminated, and/or in an irregular condition capable of causing adverse reactions.

        b.    The heparin was tainted, contaminated, an/or in an irregular condition and its labels, warnings, instructions, and directions failed to warn customers and consumers, of the dangerous propensities of the product, which risks were known or reasonably scientifically knowable to the defendant, BAXTER HEALTHCARE.

**ANSWER:**

BHC denies the allegations in Paragraph 7 of Count I of the Complaint.

8.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions of the aforesaid heparin, Plaintiff, PATRICK ARNOLD, suffered and will continue to suffer injuries of a pecuniary nature.

**ANSWER:**

BHC denies the allegations in Paragraph 8 of the Complaint.

Wherefore, Plaintiff, PATRICK ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

**ANSWER:**

BHC denies that Plaintiffs are entitled to the relief sought in the final paragraph of Count I, or any relief whatsoever from BHC.

COUNT II -- NEGLIGENCE -- BAXTER HEALTHCARE

1-6.    The Plaintiff incorporates by reference the allegations of Count I, Paragraphs 1 through 6, as though fully set forth herein.

**ANSWER:**

BHC repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs 1 through 6 of Count I.

7.    On and prior to January 16, 2008; Defendant, BAXTER HEALTHCARE, was negligent in one or more of the following ways:

       a.      Manufactured, distributed, and sold heparin, which constituted a hazard to the health of customers and consumers, including Plaintiff, PATRICK ARNOLD.

**<u>ANSWER:</u>**

BHC denies the allegations in Paragraph 7(a) of Count II of the Complaint.

       b.      Failed to warn Plaintiff and other consumers of heparin that it was tainted, contaminated, and/or in an irregular condition capable of causing adverse reactions, risks of which were known or reasonably scientifically knowable to the Defendant;

**<u>ANSWER:</u>**

BHC denies the allegations in Paragraph 7(b) of Count II of the Complaint.

       c.      Failed to warn the Plaintiff and other consumers that the heparin was not safe for its intended use;

**<u>ANSWER:</u>**

BHC denies the allegations in Paragraph 7(c) of Count II of the Complaint.

       d.      Failed to comply with all statutes, laws, regulations, and safety codes pertaining to the manufacture, production, distribution, storage, and sale of heparin;

**<u>ANSWER:</u>**

BHC denies the allegations in Paragraph 7(d) of Count II of the Complaint.

       e.      Failed to properly and adequately test its heparin and/or heparin ingredients prior to manufacturing, selling, or distributing it, to ascertain whether or not it was safe and proper for the purpose for which it was manufactured and sold;

**<u>ANSWER:</u>**

BHC denies the allegations in Paragraph 7(e) of Count II of the Complaint.

       f.      Failed to use ingredients, supplies, and other constituent materials, in the production of heparin, that were reasonably safe, wholesome, free of defects, and free of contaminants;

**<u>ANSWER:</u>**

BHC denies the allegations in Paragraph 7(f) of Count II of the Complaint.

g.      Failed to take other reasonable and necessary precautions to prevent the contamination of its heparin;

**ANSWER:**

BHC denies the allegations in Paragraph 7(g) of Count II of the Complaint.

h.      Failed to exercise reasonable care in acquiring heparin and/or the ingredients for heparin from producers and suppliers that took reasonable and necessary precautions to prevent manufacturing, selling, and distributing heparin and/or heparin ingredients that were contaminated.

**ANSWER:**

BHC denies the allegations in Paragraph 7(h) of Count II of the Complaint.

i.      Failed to exercise reasonable care in acquiring the ingredients for heparin only from producers and suppliers that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the FDA.

**ANSWER:**

BHC denies the allegations in Paragraph 7(i) of Count II of the Complaint.

8.      As a result of the facts set forth in the Complaint at Law, Defendant, BAXTER HEALTHCARE, owed a duty to Plaintiff, PATRICK ARNOLD, to act with reasonable care. The Defendant, BAXTER HEALTHCARE, breached this duty and this breach proximately caused injuries to the Plaintiff, PATRICK ARNOLD.

**ANSWER:**

Paragraph 8 of Count II of the Complaint contains legal conclusions as to duty of care to which BHC does not believe a response is due. If BHC is incorrect and a response is due, BHC denies these allegations. BHC denies the remaining allegations in Paragraph 8 of Count II of the Complaint.

9.      As a proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, BAXTER HEALTHCARE, Plaintiff, PATRICK ARNOLD, suffered and will continue to suffer injuries of a pecuniary nature.

**ANSWER:**

BHC denies the allegations in Paragraph 9 of Count II of the Complaint.

WHEREFORE, Plaintiff, PATRICK ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

**ANSWER:**

BHC denies that Plaintiffs are entitled to the relief sought in the final Paragraph of Count

II of the Complaint, or any relief whatsoever from BHC.

COUNT III - LOSS OF CONSORTIUM -- STRICT LIABILITY IN TORT -- BAXTER HEALTHCARE

9.     At all pertinent times, ELIZABETH ARNOLD, was the lawfully wedded wife of the Plaintiff, PATRICK ARNOLD, and as a result of his injuries, she has sustained a loss of consortium, companionship, and support.

**ANSWER:**

BHC is without knowledge or information sufficient to form a belief as the truth of the

allegations of Paragraph 9 of Count III of the Complaint, and therefore, denies the same.

WHEREFORE, Plaintiff, ELIZABETH ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

**ANSWER:**

BHC denies that Plaintiffs are entitled to the relief sought in the final Paragraph of Count

III of the Complaint, or any relief whatsoever from BHC.

COUNT IV -- LOSS OF CONSORTIUM -- NEGLIGENCE -- BAXTER HEALTHCARE

10.     At all pertinent times, ELIZABETH ARNOLD, was the lawfully wedded wife of the Plaintiff, PATRICK ARNOLD, and as a result of his injuries, she has sustained a loss of consortium, companionship, and support.

**ANSWER:**

BHC is without knowledge or information sufficient to form a belief as the truth of the

allegations of Paragraph 10 of Count IV of the Complaint, and therefore, denies the same.

WHEREFORE, Plaintiff, ELIZABETH ARNOLD, seeks an amount in excess of Fifty Thousand ($50,000.00) Dollars against Defendant, BAXTER HEALTHCARE.

**ANSWER:**

BHC denies that Plaintiffs are entitled to the relief sought in the final Paragraph of Count IV of the Complaint, or any relief whatsoever from BHC.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against BHC upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to give fair notice of what Plaintiffs' claims are and the grounds upon which those claims rest. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

### THIRD DEFENSE

Plaintiffs' claims, if any, that may be based on misrepresentation or fraud against BHC must be barred because Plaintiffs fail to state with particularity the circumstances constituting the alleged fraud or misrepresentation as required by Fed. R. Civ. Proc. 9 and the common law of Illinois.  *See* e.g. *Hirsch v. Fever*, 299 Ill. app. 3d 1076, 1085, 702 N.E.2d 265, 272 (Ill. App. 1 Dist., 1998).

### FOURTH DEFENSE

The Complaint, and each and every purported cause of action asserted against BHC is barred, in whole or in part, by Plaintiffs' failure to join indispensable parties.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of comparative and/or contributory negligence.

### SIXTH DEFENSE

If there is any actionable liability of BHC, which liability it specifically denies, such liability should be compared to the fault of Plaintiffs, parties, and actors involved in the matters alleged in Plaintiffs' Complaint. BHC alleges that any award made to Plaintiffs in this action must be proportionately allocated among the Plaintiffs, Defendant, parties or actors found to be culpable in accordance with the percentage of any negligence or fault attributable to each of said Plaintiffs, Defendants, parties and actors. BHC further alleges that any party or actor found to be negligent or at fault with respect to Plaintiffs' alleged claims must be required to satisfy any such claims only in accordance with its proportional share of negligence or fault to be determined in this action.

## SEVENTH DEFENSE

Plaintiff Patrick Arnold's comparative negligence in causing his injuries is equal to or in excess of fifty percent of the total negligence that caused the harm alleged by Plaintiffs, and therefore, any recovery by Plaintiffs is barred pursuant to 735 ILCS 5/2-1116(c).

## EIGHTH DEFENSE

Plaintiffs' alleged injuries were not caused legally, proximately, or in-fact by BHC or any acts or omissions of BHC.

## NINTH DEFENSE

Plaintiffs' alleged injuries were proximately caused by the superseding and intervening acts of third parties other than BHC and over which BHC had no control and for which BHC is not liable.

## TENTH DEFENSE

Plaintiffs' alleged injuries were directly and proximately caused and contributed to by the acts, omissions, and/or negligence of persons other than BHC, whether individual, corporate, associate, or otherwise, over whom BHC had no control or authority.

## ELEVENTH DEFENSE

Plaintiffs' alleged injuries were caused or contributed to, directly and proximately, by the misuse, abuse, alteration, unauthorized use, unintended use, and/or failure properly to utilize, maintain or care for the products that Plaintiffs allege were manufactured and/or distributed by BHC, if manufactured and/or distributed by BHC, without negligence, strict tort liability, lack of care or any other breach of duty on the part of BHC, and for which BHC is not liable.

## TWELFTH DEFENSE

Plaintiffs' alleged injuries were caused or contributed to, directly and proximately, by the contributory negligence of Patrick Arnold or others that are attributable to them. BHC therefore pleads the doctrine of comparative negligence.

## THIRTEENTH DEFENSE

Plaintiffs' alleged injuries were caused or contributed to, directly and proximately, in whole or in part, by operation of nature or by an Act of God without negligence, strict tort liability or lack of care or any other breach of duty on the part of BHC, for which BHC is not liable.

## FOURTEENTH DEFENSE

Plaintiffs' alleged injuries were directly and proximately caused and contributed to by the actions of other persons, who caused changes and alterations to be made to the products that Plaintiffs allege were manufactured and/or distributed by BHC, if manufactured and/or

distributed by BHC, and said changes and alterations proximately caused or contributed to Plaintiffs' alleged injuries.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of assumption of the risks inherent in using a pharmaceutical product.

## SIXTEENTH DEFENSE

At all relevant times, the methods, standards and techniques utilized in the manufacturing, design, testing and marketing of the product that Plaintiffs allege was manufactured, designed and/or distributed by BHC, as well as any warnings issued or instructions provided with respect to the use of the product, conformed with the generally recognized, reasonably available, and reliable state of the art and the state of medical and scientific knowledge.

## SEVENTEENTH DEFENSE

The learned intermediary doctrine is applicable to and bars Plaintiffs' claims. At all times relevant hereto, Patrick Arnold's treating physicians, and other relevant learned intermediaries, if any, were provided proper, complete, and adequate warnings and instructions consistent with the state of medical art and knowledge.

## EIGHTEENTH DEFENSE

At all relevant times hereto, the product Plaintiffs allege was manufactured and/or distributed by BHC was a prescription medical product deemed unavoidably unsafe, in the sense of Restatement (Second) of Torts § 402A, Comment k, and Restatement (Third) Torts: Products Liability § 6, such that Plaintiffs' claims are barred, in whole or in part, by the doctrines concerning unavoidably unsafe agents and/or strict liability.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the danger, or potential danger, concerning the product Plaintiffs allege was manufactured and/or distributed by BHC was generally known and recognized, and the product was a prescription medical product falling within what is commonly known as "Comment j" in the Restatement (Second) of Torts § 402A.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BHC complied with all applicable product safety statutes and/or administrative regulations, and the product Plaintiffs allege was manufactured and/or distributed by BHC was a prescription medical products falling within the Restatement (Third) of Torts: Products Liability § 4 and comments thereto.

## TWENTY-FIRST DEFENSE

BHC denies, to the extent the actions alleged in the Complaint may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of BHC, or at the instruction or subject to the control of BHC with regard to any of the actions described in the Complaint; thus, BHC is not liable for any acts or omissions of such third parties as a matter of law.

## TWENTY-SECOND DEFENSE

The conduct of BHC and the alleged subject product at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations. Accordingly, Plaintiffs' claims are barred, in whole or part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations and policies in violation of the Supremacy Clause of the United States Constitution.

## TWENTY-THIRD DEFENSE

To the extent that the Complaint seeks punitive damages, BHC specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of No. America v. Gore, 116 U.S. 1589 (1996,) Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678 (2001), *State Farm Mut. Auto Ins. Co., v. Campbell,* 538 U.S. 438 (2003), and their progeny.

## TWENTY-FOURTH DEFENSE

To the extent that the Complaint seeks punitive damages, BHC asserts that any claims for punitive damages are barred by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article 1, Sections 2, 10 and 11 of the Constitution of the State of Illinois.

## TWENTY-FIFTH DEFENSE

The alleged claims or causes of action attempted to be asserted against BHC are barred by the applicable statues of limitations and statutes of repose.

## TWENTY-SIXTH DEFENSE

BHC did not participate in, authorize, ratify or benefit from the alleged wrongful acts asserted in the Complaint.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the Plaintiffs' failure to mitigate damages.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## TWENTY-NINTH DEFENSE

The Complaint, and each and every purported cause of action asserted against BHC, is barred, in whole or in part, because BHC was released as to the conduct alleged in the Complaint.

## THIRTIETH DEFENSE

Plaintiffs' alleged injuries were the result of pre-existing or subsequent conditions of Patrick Arnold, which were without negligence, strict tort liability, lack of care or any other breach of duty on the part of BHC, and for which BHC is not liable.

## THIRTY-FIRST DEFENSE

Plaintiffs' alleged injuries were the result of an idiosyncratic reaction that BHC could not reasonably foresee and were without negligence, strict tort liability or lack of care or any other breach of duty on the part of BHC, and for which BHC is not liable.

## THIRTY-SECOND DEFENSE

Plaintiffs' product liability causes of action are barred because the benefits of the product that Plaintiffs allege was manufactured and/or distributed by BHC, if manufactured and/or distributed by BHC, outweighed its risks.

## THIRTY-THIRD DEFENSE

To the extent that Plaintiffs' claims are based upon any theory providing for liability without proof of causation by BHC, they violate BHC's rights under the United States Constitution and Illinois Constitution.

## THIRTY-FOURTH DEFENSE

The Complaint, and each and every purported cause of action asserted against BHC, is barred, in whole or in part, because BHC has and is complying with all applicable requirements of law including but not limited to 21 U.S.C.A. § 360k.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims for damages, if any, are barred because such damages, to the extent they exist, are speculative, uncertain, and vague.

## THIRTY-SIXTH DEFENSE

Upon information and belief, each item of economic loss alleged in the complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources, for which BHC is entitled to a set-off against any judgment entered against BHC.

## THIRTY-SEVENTH DEFENSE

No product manufactured by BHC was unreasonably dangerous or defective in design, manufacture or information accompanying the product.

## THIRTY-EIGHTH DEFENSE

Plaintiffs are not entitled to recover from BHC because Plaintiffs, their agents, or intervening third parties of their choice, had the same notice and knowledge as BHC with respect to the alleged hazard or defect, if any, in the product Plaintiffs allege was manufactured and/or distributed by BHC.

## THIRTY-NINTH DEFENSE

BHC reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of the litigation.

WHEREFORE, Defendant BHC prays:

      (a)     The Plaintiffs take nothing in this action;

      (b)     For costs of suit incurred in this action, including attorneys' fees; and,

      (c)     For such other and further relief as the Court may deem just and proper.


DATED:  April 18, 2008.

                          Respectfully submitted,


                          _____/s/ Leslie M. Smith, P.C._____

                          **Leslie M. Smith, P.C.,**
                          Attorney No. 6196244
                          Kirkland & Ellis LLP
                          200 East Randolph Drive
                          Chicago, IL 60601
                          telephone:  (312)861-2000
                          facsimile:  (312)861-2200

**CERTIFICATE OF SERVICE**

I, Leslie M. Smith, P.C., certify that on April 18, 2008, I caused copies of the attached

ANSWER OF BAXTER HEALTHCARE CORPORATION to be served on Plaintiffs' counsel,

by overnight delivery:


Susan E. Loggans & Associates, P.C.
33 N. La Salle Street
Suite 1710
Chicago, Illinois  60602
Tel: (312) 201-8600


　　　　　　　　　/s/ Leslie M. Smith, P.C.
　　　　　　　Leslie M. Smith, P.C.

16