**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICK ARNOLD and ELIZABETH ARNOLD, | ) ) ) |
| v. | ) ) |
| BAXTER HEALTHCARE CORPORATION, a corporation. | ) ) ) Case No. 1:08-cv-02168 ) ) ) ) ) ) ) ) ) ) ) |

**MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER TO THE**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Baxter Healthcare Corporation ("BHC") respectfully moves this Court to stay further proceedings in the above-captioned action pending a final determination by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") regarding whether this action, and more than a dozen related actions, should be centralized, pursuant to 28 U.S.C. §1407 and, if so, before which forum.  In support of this Motion, BHC states as follows:

**BACKGROUND**

**A.    Motions to Create MDL Proceeding to be Heard in May 2008**

1.   The allegations of this suit are virtually identical to those alleged in over a dozen filed actions throughout the country brought by individuals who have taken heparin, a pharmaceutical product used for its anticoagulant properties.  In these suits, as well as in the present suit, plaintiffs contend that BHC supplied defective heparin causing injury to patients.

2.   Within the past two months, numerous plaintiffs filed suits seeking recovery for various injuries allegedly caused by, among other things, heparin supplied and sold by BHC.   At least four of these suits are styled as class actions.   There are now over a dozen heparin-related cases pending in widely-dispersed jurisdictions including the Northern District of Illinois, the Northern District of Ohio, the District of Puerto Rico, the District of New Jersey, the Southern District of Florida, and the Middle District of Florida.

3.   On March 28, 2008, plaintiffs in *D'Amico v. Baxter Healthcare Corp.*, a heparin-related class action, filed a motion pursuant to 28 U.S.C. §1407 to consolidate the many heparin-related cases before one Multidistrict Litigation Court.   BHC does not oppose consolidation. BHC will file its timely response on or before the deadline of April 24, 2008.

4.   The MDL Panel will hear the pending transfer motion in May, 2008.[1]

**B.    *Arnold v. Baxter Healthcare Corporation*, Would Be Consolidated If An MDL Is Established.**

5.   Defendant BHC petitioned to remove this action to this Court on April 16, 2008. BHC asserts federal question and fraudulent joinder arguments.  (*See generally*  BHC's Notice of Removal [Dkt. No. 1].).

6.   Pursuant to Panel Rule 7.2(i), BHC will give notice to the MDL Panel of this case as a potential tag-along action.  (*See generally* Rule 1.1, *Rules of Procedure of Judicial Panel on Multidistrict Litigation*).   This case will be appropriate for transfer once an MDL proceeding is established and a forum selected since it involves "one or more questions of fact" with the case originally submitted to the MDL Panel,[2] which is currently pending for transfer and

---

[1] The MDL Panel has not yet selected a specific date for its bimonthly hearing.

[2] Nothing in this motion is intended to suggest that class certification, which involves a different standard and consideration of factors not at issue here, is appropriate for any of these claims.   Thus, although BHC agrees

consolidation.    28 U.S.C. § 1407.    The pending heparin-related actions contain similar allegations and name many of the same defendants.  These actions necessarily will involve much of the same discovery.  This action likely will be consolidated with the numerous other heparin-related cases for coordinated pretrial proceedings.

## ARGUMENT

7.    All proceedings in this action should be stayed pending the MDL Panel's final determination concerning the transfer motion and choice of forum.  A stay will prevent needless waste of time and resources of the parties and of the Court.  Moreover, it will protect BHC from being required to litigate identical issues on multiple fronts, with the danger of inconsistent rulings.  In the unlikely even that these actions are not consolidated, plaintiffs will not have suffered any prejudice as a result of a temporary stay.  The MDL Panel will take up these matters in less than two months.  The hearing on the pending transfer motion is scheduled for May, 2008.

8.    The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); s*ee also Clinton v. Jones,* 520 U.S. 683, 706 (1997) ("The District Court has broad discretion to stay proceedings as incident to its power to control its own docket.")  In addition to this Court's inherent authority to stay theses proceedings, Congress has granted statutory authority to issue a stay because 28 U.S.C. § 1407 authorizes the MDL Panel to order a cause transferred even with a pending jurisdictional objection.  *See In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990).  Under these circumstances, "stays are frequently granted to avoid duplicative efforts and preserve valuable

---

consolidation for pretrial proceedings as part of an MDL is appropriate, BHC reserves its right to oppose class certification.

judicial resources." *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999).

9.     Numerous federal courts have recognized that efficiency and uniformity demand the stay of an action pending transfer to an MDL proceeding. *See, e.g., Johnson v. AMR Corp.*, 1996 WL 164415, at *4 (N.D. Ill. Apr. 3, 1996) (staying proceedings pending transfer to MDL); *Thomas v. Ameriquest Mortg. Co.*, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) ("the interests of promoting judicial efficiency, avoiding inconsistent results between sister courts, and avoiding prejudice to the parties weigh in favor of allowing the MDL Court to resolve the [similar] motions"); *Jones v Lewis*, 2006 WL 1006881, at *1 (W.D. Tenn. Apr. 17, 2006) (staying case pending MDL transfer); *Ellis v Merck & Co, Inc.*, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006) (staying case removed on basis of diversity pending MDL transfer as "having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources."); *Gaffney v. Merck & Co., Inc.*, 2005 WL 1700772, at *1-2(W.D. Tenn. July 19, 2005) (same); *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, *2 (S.D. N.Y. May 12, 1988) (staying proceedings pending transfer, stating "that judicial resources and the defendants' resources may well be fruitlessly spent if a stay is not granted pending the outcome of the Panel's decision on the transfer motion."); *Kennedy v. Novartis Pharmaceuticals Corp.*, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) (finding that the "interests of judicial economy will best be served by a temporary stay" of action removed from state court pending a ruling by MDL); *Aikins v. Microsoft Corp.*, 2000 WL 310391, at *1-2 (E.D. La. Mar. 24, 2000) (granting stay pending ruling by MDL panel); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("This Court has determined that a stay pending the disposition of the JPML motion is appropriate under the circumstances."); *Egon v.*

4

*Del-Val Fin. Corp.*, 1991 WL 13726, at *1 (D. N.J. Feb. 1, 1991) (granting stay because it fosters the purpose of the MDL statute to coordinate related litigation); *Portnoy v. Zenith Labs, Inc.*, 1987 WL 10236, at *1 (D. D.C. Apr. 21, 1987) (same).

10.    Plaintiffs would not be prejudiced by a stay of proceedings pending transfer to the MDL.  The proposed stay would be short, lasting only until the MDL Panel resolves the transfer of this action.  The Panel has been informed of the case, and will likely soon issue a Conditional Transfer Order.  If Plaintiffs do not oppose transfer, the case will be before the MDL court within a matter of months.

11.    If denied a stay, however, BHC would be prejudiced by being forced to defend virtually identical allegations and litigate the same pretrial issues simultaneously in multiple forums, subjecting BHC to multiple pleading and discovery requirements.  Simultaneous proceedings may also subject BHC to inconsistent rulings on pretrial matters.  For example, while the majority of heparin-related suits have been filed in federal court, other suits, like this one, have been filed in state court.  Given the strong federal interests at issue, BHC intends to petition for removal in each state case as it did in the instant case.  If the MDL Panel transfers the case to an MDL court, that court will be able to evaluate the common jurisdictional questions at once.  A stay of proceedings would, therefore, serve the goals of consistency and judicial economy.

12.    Given the MDL proceeding, the fact that this case is subject to transfer, the efficiency and consistency that follow from having a single judge determine pretrial matters in the context of the MDL proceeding, and the underlying purposes of 28 U.S.C. § 1407, this Court should stay further proceedings pending a final decision by the MDL Panel.

WHEREFORE, Baxter Healthcare Corporation respectfully moves for an order staying all further proceedings in this action until the MDL Panel determines whether it should be transferred and consolidated with other substantially identical actions.

This the 18th day of April, 2008.

Respectfully submitted,

_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C., Attorney No. 6196244
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312)861-2000
facsimile:  (312)861-2200

## CERTIFICATE OF SERVICE

I, Leslie M. Smith, P.C. do hereby certify that a true and correct copy of the foregoing **MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** will be served by overnight delivery on Plaintiffs' counsel:

Susan E. Loggans & Associates, P.C.
33 N. La Salle Street
Suite 1710
Chicago, Illinois  60602Tel: (312) 201-8600

This 18th day of April, 2008.

_____/s/ Leslie M. Smith, P.C._____
Leslie M. Smith, P.C.