UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK ARNOLD and** <br> **ELIZABETH ARNOLD,** <br><br> Plaintiffs, <br><br> v. <br><br> **BAXTER HEALTHCARE CORPORATION,** <br> a corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 08-cv-02168 <br> ) <br> ) Hon. James F. Holderman <br> ) <br> ) <br> ) <br> ) |

## MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), plaintiffs Patrick Arnold and Elizabeth Arnold respectfully move this Court to remand this case to the Circuit Court of Cook County, State of Illinois, and for an award of attorney fees incurred as a result of removal, on the ground that both Supreme Court and Seventh Circuit case law hold that the federal courts do not have federal-question jurisdiction over garden variety tort cases such as this one. In support of this motion, plaintiffs state as follows:

### Factual Background

This case is a state-law tort action brought by Patrick and Elizabeth Arnold against Baxter Healthcare Corporation (Baxter) seeking damages for injuries caused by Baxter's drug Heparin. This action was filed by the Arnolds in the Circuit Court of Cook County on March 8, 2008. The complaint alleges solely state-law causes of action: strict liability in tort, negligence, and loss of consortium.

On April 16, 2008, Baxter filed a Notice of Removal, contending that the

1

claims alleged in the complaint raise "a substantial federal question and therefore provide original federal question jurisdiction" under 28 U.S.C. § 1331, because the complaint alleges, among other things, that Baxter "'[f]ailed to comply with all statutes, laws, regulations, and safety codes pertaining to the manufacture, production, distribution, storage, and sale of heparin,'" and that it "failed to exercise care in 'acquiring the ingredients for heparin only from producers and suppliers that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the FDA [Food and Drug Administration].'" Notice of Removal ¶ 6-7 (quoting Complt. ¶¶ 7(d) & (i)). Baxter also asserts that other subparagraphs of paragraph 7 of the complaint "implicate[]" federal laws and regulations." *Id.* ¶ 8.[1]

## ARGUMENT

I. **Both The United States Supreme Court And The Seventh Circuit Have Rejected Baxter's Theory Of Federal-Question Jurisdiction.**

A. Baxter's Notice of Removal fails to cite the most germane precedent, *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986). *Merrell Dow* arose in a factual context strikingly similar to this case and rejected the notion that federal courts have federal-question jurisdiction over tort cases such as this one. *Merrell Dow* involved two cases filed by patients seeking damages from a drug company whose product, Bendectin, caused them serious injury. The complaints, originally filed in state court, alleged state common-law theories of negligence, strict

---

[1] Baxter is an Illinois corporation, and thus the case was not removable on the basis of diversity under 28 U.S.C. § 1441(b). Baxter does not contend otherwise.

2

liability, breach of warranty, and fraud. *Id.* at 806. One of the claims alleged that the drug was misbranded under the federal Food, Drug, and Cosmetic Act (FDCA), and that the violation of the federal statute caused the injuries suffered. *Id.* at 806-07. Pointing to this claim, the company removed the case to federal court on the theory that the action was "founded, in part, on an alleged claim arising under the laws of the United States." *Id.* at 807. The Supreme Court held that the claim did *not* provide a basis for federal jurisdiction. *Id.* at 817.

Central to *Merrell Dow*'s holding was the fact that "Congress did not intend a private federal remedy for violations of [the FDCA]." *Id.* at 811. Speaking specifically to the FDCA—the same statute relied on in Baxter's removal papers—the Court stated that it would "flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law." *Id.*; *see id.* at 814 ("[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute is an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.").

The Supreme Court reiterated *Merrell Dow*'s holding in *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), a case cited

in Baxter's Notice of Removal (at ¶ 5). In that case, the Supreme Court found federal-question jurisdiction over a state-law quiet title action, where the question whether the Internal Revenue Service gave Grable notice within the meaning of the federal tax statute was "an essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute." In fact, the meaning of the federal statute "appear[ed] to be the only legal or factual question contested in the case." *Id.* at 315. Although concerned about expanding federal jurisdiction, the Court explained that "it will be a rare state title case that raises a contested matter of federal law," and therefore finding federal-question jurisdiction in such cases "will portend only a microscopic effect on the federal-state division of labor." *Id.*

Although its conclusion was different, *Grable* is fully consistent with *Merrell Dow*, as the Court expressly noted. *Id.* at 316 ("*Merrell Dow* is not to the contrary."). Of particular relevance here, *Grable* confirms that federal courts lack federal-question jurisdiction over "garden variety tort claims" for injuries caused by a drug, such as the claims alleged in *Merrell Dow* and in the Arnolds' complaint. *Id.* at 318. "The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings," the Court explained. "A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus [herald] a potentially enormous shift of traditionally state cases into federal courts." *Id.* at 318-19 (citations omitted); *see id.* at 318 ("[I]f the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any federal

4

standard without a federal cause of action."). In these circumstances, Congress's decision not to create a federal cause of action under the FDCA meant no federal-question jurisdiction. To quote the Supreme Court, with respect to the FDCA, "no welcome mat" from Congress "mean[s] keep out." *Id.* at 319.

Applying *Grable*, the Seventh Circuit too has rejected the broad jurisdictional theory espoused by Baxter. In *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007), the court of appeals held that the defendants improperly removed state tort suits to federal court, notwithstanding that federal aviation standards might play a role in considering the plaintiffs' negligence claims. The court explained that the case before it, unlike *Grable*, presented "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of federal law." *Id.* at 910. Moreover, the court observed that a finding of federal-question jurisdiction in a damages case arising from an airline crash "would move a whole category of suits to federal court," *id.* at 911—a concern expressed in *Grable* and fully applicable here, given the large number of state-law personal injury suits filed in state courts involving drugs and other products regulated to varying degrees by the federal government. Put simply, "[t]hat some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law." *Id.* at 912.

B. "*Grable* emphasized that it takes more than a federal element 'to open the "arising under" door.' This case cannot be squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)

5

(quoting *Grable*, 545 U.S. at 313), *quoted in Bennett*, 484 F.3d at 910. Baxter's removal is premised on precisely the same theory, in precisely the same context, as the theory rejected in *Merrell Dow*. Baxter's Notice of Removal states that paragraph 7 of the Arnolds' complaint provides federal-question jurisdiction because its allegations "ask the Court to assess whether Baxter complied with federal regulations and laws" and "challeng[e] the adequacy of FDA procedures." Notice of Removal ¶¶ 6, 8. Even assuming the accuracy of Baxter's characterization of the complaint, *Merrell Dow* directly holds that reliance on FDCA provisions and FDA regulations in support of a negligence claim does not create federal-question jurisdiction under 28 U.S.C. § 1331. *See* 478 U.S. at 811, 814.

Moreover, unlike the facts in *Grable*, Baxter's liability for damages here does not turn on the meaning of a federal statute, and the meaning of the FDCA does not appear to be in dispute. *See Empire Healthchoice*, 547 U.S. at 700 ("*Grable* presented a nearly pure issue of law, one that could be settled once and for all") (internal quotation marks and citation omitted). In contrast to *Grable*, a federal issue is not even arguably the "only legal or factual issue in the case." *Grable*, 545 U.S. at 315. Rather, as in *Bennett*, "[s]tate issues, such as the amount of damages, may well predominate." 484 F.3d at 910.

More specifically, one of the two subparagraphs of the Arnolds' complaint on which Baxter focuses alleges that Baxter acted negligently in failing to comply with applicable "statutes, laws, regulations, and safety codes." Complt. ¶ 7.d. The other alleges that Baxter failed to use reasonable care in acquiring ingredients for

6

Heparin only from suppliers "that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the FDA." *Id*. ¶ 7.i. The notion that either of these subparagraphs show that Baxter's liability will turn on federal law—let alone *solely* on federal law, as was the key to the *Grable* decision—or that the case represents a dispute about the meaning of federal law is far-fetched.

Furthermore, the two subparagraphs are two of several alternate grounds for negligence liability, set forth in counts II and IV of the complaint. The seven other grounds make standard tort allegations such as, for example, failure to warn, manufacturing defect, and failure to take reasonable steps to prevent contamination. If these allegations present substantial federal questions, then any tort claim filed against a drug company in any state court can be properly removed. Thus, although Baxter asserts that this Court "may entertain this dispute without disturbing any congressionally approved balance of federal and state judicial responsibilities," Notice of Removal ¶ 10, the Supreme Court, addressing this specific context, has concluded otherwise. *Grable*, 545 U.S. at 319; *Merrell Dow*, 478 U.S. at 812.

Finally, in a case alleging only state-law claims, federal-question jurisdiction is created and removal is proper only if the federal-law issue in the case is "substantial," and the federal issue "is not substantial if it appears only as an alternate argument for relief." *Samuel Trading, LLC v. The Diversified Group, Inc.*, 420 F. Supp. 2d 885, 889 (N.D. Ill. 2006); *see id.* ("A federal issue in a state law

claim is substantial only if plaintiffs' right to relief 'necessarily turns on some construction of federal law.'") (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)); *e.g., Grable*, 545 U.S. at 315.  Here, Baxter relies on paragraph 7, which is part of counts II and IV (negligence and loss of consortium based on negligence), but is unrelated to counts I or III (strict liability claim and loss of consortium based on strict liability).  Because the complaint alleges alternate bases for relief that do not rely on paragraph 7, as well as for the reasons stated above, the allegations of that paragraph are inadequate to justify the assertion of federal-question jurisdiction.

## II.    The Arnolds Should Be Awarded Costs And Attorney Fees Incurred In Connection With Baxter's Removal.

Pursuant to 28 U.S.C. § 1447(c), the Court "may require a payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  A fee award under § 1447(c) is warranted "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  Here, the Supreme Court decisions in *Merrell Dow* and *Grable* and the Seventh Circuit decision in *Bennett* show that Baxter's removal had no reasonable basis.  Indeed, Baxter cited *Grable* in its Notice of Removal but failed to heed its teaching.  And Baxter did not even mention *Merrell Dow*, the seminal case in the area, discussed at length in *Grable* and involving a removal issue indistinguishable from the issue here.

"As a general rule, if, at the time the defendant filed his notice in federal

court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorney's fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Accordingly, the Arnolds request an award of costs and attorney fees incurred in seeking remand. If the Court agrees that fees are warranted, the Arnolds will promptly provide an accounting of their costs and fees.

## CONCLUSION

For the foregoing reasons, this case should be remanded to the Circuit Court for Cook County. Plaintiffs should be awarded reasonable attorney fees incurred as a result of removal.

Dated: May 1, 2008

        Respectfully submitted,

        SUSAN E. LOGGANS & ASSOCIATES
        Attorneys for Plaintiffs

        By:   /s/Susan E. Loggans

Susan E. Loggans, #1684663
SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 3500
Chicago, IL  60602
(312) 201-8600
(312) 201-1180 (fax)

Of counsel:
Allison M. Zieve
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20008
202-588-1000