SEL/LPG/cas  08-023  06/06/08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK ARNOLD and ELIZABETH ARNOLD, | ) ) | |
| Plaintiffs, | ) | Case No. 1:08-cv-02168 |
| v. | ) ) ) | |
| BAXTER HEALTHCARE CORP., | ) ) ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO MOTION TO STAY**

Plaintiffs Patrick Arnold and Elizabeth Arnold respectfully submit this supplemental memorandum in response to defendant Baxter Healthcare Corporations' motion to stay. Currently pending before the Court and set for hearing on June 10, 2008, are defendant's motion to stay and plaintiffs' motion for remand. Plaintiffs' urge this Court to follow the test set forth in *Alegre v. Aguayo*, 2007 WL 141891 (N.D. Ill. 2007), *Nauheim v. The Interpublic Group of Cos.*, 2003 WL 1888843 (N.D. Ill. 2003), and *Board of Trustees of the Teachers' Retirement System v. Worldcom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002), for deciding which of these motions to decide first. Applying this test illustrates that, in this case, the motion to remand should be considered before the motion to stay.

In *Alegre*, *Nauheim*, and *Board of Trustees*, this Court was faced with concurrent motions to stay and to remand and had to decide which motion to

consider first. In each case, the Court looked to *Meyers v. Bayer Ag*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), which set out a three-step approach to making this threshold decision. Under *Meyers*, a court "should first give preliminary scrutiny to the merits of the motion to remand." *Id*. at 1049. If this preliminary consideration suggests that the jurisdictional issue is not difficult and that removal was improper, "the court should promptly complete its consideration and remand the case to state court." *Id*. If "the jurisdictional issue appears factually or legally difficult," then the court should "determine whether identical or similar jurisdictional issues have been raised in other cases" in the MDL proceeding. *Id*. "Only if the jurisdictional issue is *both* difficult and similar or identical to those cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay." *Id*. (emphasis added). This approach balances the interests in efficiency, judicial economy, and uniformity, along with the "requirement that jurisdiction be established as a threshold matter." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).[1]

Applying the *Meyers* approach here shows that the motion for stay should not be considered until after the motion for remand. The jurisdictional issue in this case is not difficult. Indeed, as discussed in the Arnold's motion to remand, Baxter's removal of the case flies in the face of United States Supreme Court authority

---

[1] "And although *Meyers* does not say so explicitly, there is a fourth step: When the balance of equities weighs heavily against a stay, it may well be appropriate for a court to immediately decide even a difficult and duplicative remand question." *Board of Trustees*, 244 F. Supp. 2d at 903.

*directly* on point. *See Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986). Accordingly, here, where "the merits of [the] remand motion are easy, a decision requires little judicial time and a stay would merely postpone the inevitable." *Board of Trustees*, 244 F. Supp. 2d at 903. *See also*, *e.g.*, *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845-46 (S.D. Ill. 2006) (applying *Meyers* and remanding case, rather than staying pending transfer to MDL).

In addition, because the removal was improper, postponing a decision until the case has been transferred to the MDL court will cause needless delay that might well have a significant effect on Mr. Arnold, whose health is quite poor. *See* Arnold Affidavit, Exhibit A. The MDL proceedings will not further litigation of this case because the MDL court will be in no better position than this Court to decide the legal issue presented by the improper removal. And because removal was improper and federal jurisdiction is therefore absent, any legal issues decided by the MDL court will not apply in this case when, as will ultimately happen, it is remanded to state court. Moreover, the remand motion is already pending before this Court and is the only substantive motion before the Court in this case. However, if the remand motion is not decided before a transfer to the MDL court, a remand motion will have to be filed after the transfer, before an MDL court that may have numerous motions already pending before it in that proceeding. Thus, to stay and transfer this action before deciding the motion to remand will cause detrimental delay, postponing litigation of the case in circumstances where time is of the essence

to a plaintiff whose health is compromised.[2]

## CONCLUSION

For the foregoing reasons, the motion for stay should not be decided until the motion for remand has been considered by this Court.


Dated: June 6, 2008					Respectfully submitted,

							SUSAN E. LOGGANS & ASSOCIATES
							Attorneys for Plaintiffs


					By:	/s/Laura P. Gordon


Susan E. Loggans, #1684663
Laura P. Gordon, #6294274
SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 3500
Chicago, IL 60602
(312) 201-8600
(312) 201-1180 (fax)


Of counsel:
Allison M. Zieve
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20008
202-588-1000

---

[2] At a hearing on May 29, 2008, the Judicial Panel on Multidistrict Litigation considered whether to create an MDL proceeding for lawsuits filed against Baxter in connection with injuries caused by contaminated Heparin. As of the filing of this supplemental memorandum, the JPML has not issued an order on the matter. Even if the JPML creates an MDL or issues a conditional transfer order with regard to this case, however, this Court retains jurisdiction to decide the pending motions until such time as it receives a transfer order with regard to this particular case. See *Alegre*, 2007 WL at *2; JPML Rule of Pro. 1.5.

## CERTIFICATE OF SERVICE

I certify that on June 6, 2008, I electronically filed the attached Plaintiffs' Supplemental Memorandum in Response to Motion to Stay with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Leslie M. Smith
Renee D. Smith
Andrew P. Bautista
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

                                  SUSAN E. LOGGANS & ASSOCIATES
                                  Attorneys for Plaintiffs


                            By:    /s/Laura P. Gordon

Susan E. Loggans, #1684663
Laura P. Gordon, #6294274
SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street, Suite 3500
Chicago, IL  60602
(312) 201-8600
(312) 201-1180 (fax)

# EXHIBIT A

SEL/LPG/cas          08-023          5/30/08

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

PATRICK ARNOLD and                )
ELIZABETH ARNOLD,                 )
                                  )
          Plaintiffs,             )
                                  )   No. 08-CV-2168
     vs.                          )
                                  )   Hon. James F. Holderman
BAXTER HEALTHCARE                 )
CORPORATION,                      )
                                  )
          Defendant.              )

### AFFIDAVIT OF PATRICK ARNOLD

I, Patrick Arnold, being first duly sworn on oath, depose and state as follows:

1. I am one of the plaintiffs in the above-entitled cause of action.

2. I am 71 years old.

3. I underwent coronary artery bypass surgery on January 16, 2008. During that surgery, I was given contaminated heparin.

4. Due to receiving the contaminated heparin, I was required to stay in the hospital for a longer period of time to recover not only from the surgery but also from the complications resulting from the administration of contaminated heparin.

5. At the present time, my health remains compromised.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Patrick Arnold

Subscribed and sworn to before
me this 4th day of June, 2008.

_____
Notary Public

JESSICA L. CREMINS
Notary Public, State of Florida
My comm. expires June 27, 2008
No. DD 332826