# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2168 | **DATE** | 7/1/2008 |
| **CASE TITLE** | Arnold vs. Baxter Healthcare Corp. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement portion of this order, defendant Baxter Healthcare Corporation's Motion for Stay of Proceedings Pending Transfer to the Judicial Panel on Multidistrict Litigation [6] is granted and Plaintiffs' Motion to Remand [15] is continued.

■[ For further details see text below.]    Notices mailed.

## STATEMENT

     On March 8, 2008, plaintiffs Patrick Arnold and Elizabeth Arnold ("Plaintiffs") filed a four-count Complaint against Baxter Healthcare Corporation ("Baxter") in the Circuit Court of Cook County, claiming strict liability, negligence, and loss of consortium due to damages caused when the drug heparin — manufactured, supplied, and distributed by Baxter — was administered to Patrick Arnold on January 16, 2008. On April 16, 2008, Baxter removed the case to federal court, arguing that the necessary interpretation of federal regulations related to the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 ("FDCA"), raises a substantial question of federal law, thereby conferring federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs then filed a Motion to Remand, (Dkt. No. 15), contending that this court lacks jurisdiction over their state law claims.

     At the same time this litigation was beginning, the plaintiffs in a separate heparin-related class action lawsuit filed a motion pursuant to 28 U.S.C. § 1407 to consolidate over a dozen cases alleging injuries caused by heparin supplied and sold by Baxter. On June 6, 2008, the United States Judicial Panel on Multidistrict Litigation (the "Panel") granted the motion, assigning the heparin cases to the United States District Court for the Northern District of Ohio for consolidated pretrial proceedings. Then, on June 17, 2008, the Panel issued a conditional transfer order notifying the parties in this case that it is scheduled to be transferred to the Northern District of Ohio on July 2, 2008 as part of the consolidated proceedings. Plaintiffs have requested a ruling on their now fully-briefed Motion to Remand before the conditional transfer order goes into effect. (Dkt. No. 27; *see also* Rule 1.5, *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ("The pendency of a . . . conditional transfer order . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").) Baxter has filed a Motion for Stay of Proceedings Pending Transfer to the Judicial Panel on Multidistrict Litigation, (Dkt. No. 6), which remains pending before this court.

**STATEMENT**

The first question this court must decide is whether Plaintiffs' Motion to Remand should be decided before the case is transferred to the MDL court. The answer to this question is determined by a three-part test first set forth by the court in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001); *see Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at *2 (N.D. Ill. Jan. 17, 2007); *Nauheim v. The Interpublic Group of Cos.*, No. 02-C-9211, 2003 WL 1888843, at *2 (N.D. Ill. Apr. 16, 2003); *Bd. of Tr. of Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 902-05 (N.D. Ill. 2002). First, the court makes a preliminary determination on the merits of the motion to remand. *Meyers*, 143 F. Supp. 2d at 1049. "If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Id.* On the other hand, if the jurisdictional issue is factually or legally difficult, the court must determine whether identical or similar jurisdictional issues have been raised in other cases that are part of the MDL proceeding. *Id.* Where a difficult jurisdictional question is shared by other cases in the MDL proceeding, the court should consider staying the proceedings so the jurisdictional questions can be resolved together by the MDL court. *Id.*

District courts have federal-question jurisdiction over all actions "arising under" federal law. *See* 28 U.S.C. § 1331. In cases asserting only state law claims, such as this one, the lawsuit can still arise under federal law if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, the Supreme Court addressed the specific question of whether "the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 805 (1986). The *Merrell Dow* Court held that it did not. In that case, the plaintiffs had alleged a negligence claim based on "misbranding" in violation of the FDCA. The Court first assumed that there is no federal private cause of action for FDCA violations and then concluded that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

In this case, Plaintiffs have alleged, *inter alia*, that Baxter was negligent for "[f]ail[ing] to comply with all statutes, laws, regulations, and safety codes pertaining to the manufacture, production, distribution, storage, and sale of heparin," and for "fail[ing] to exercise care in acquiring the ingredients for heparin only from producers and suppliers that had undergone proper inspection and evaluation, including, but not limited to, inspection and evaluation by the [Food and Drug Administration]." (Compl. Count II, ¶¶ 7(d) & (i).) Baxter contends that these claims raise a substantial question of federal law in that they "directly challenge the FDA's approval and regulation of heparin and the federal regulatory process governing the approval and sale of prescription drugs." (Dkt. No. 26 at 2.) Baxter further argues that "this lawsuit will require a determination that specific aspects of the federal regulatory process governing prescription drugs are insufficient to protect the public health." (*Id.* at 3.)

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, the Supreme Court noted its concern in *Merrell Dow* that "exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005). At the same time, however, the Court recognized that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312. Both *Grable* and *Merrell Dow* caution against "a potentially enormous shift of traditionally state cases into federal

**STATEMENT**

courts." *Grable*, 545 U.S. at 319.  Ultimately, however, they also stress "the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Merrell Dow*, 478 U.S. at 814.

In this case, it appears that the FDA was heavily involved in approving the manufacturing, distribution, and sale of heparin.  If Baxter in fact complied with all federal regulations, but was still found negligent under Illinois state law, this finding would necessarily implicate both the actions of the FDA and the efficacy of the applicable FDCA regulations.  With these aspects of the case in mind, the court finds the jurisdictional question at issue to be fairly complex.  Baxter informs the court that there are "at least four other heparin cases that have been removed to federal court based, at least in part, on federal question jurisdiction." (Dkt. No. 26 at 2.)  Because the jurisdictional question in this case warrants a careful analysis of the "congressionally approved balance of federal and state judicial responsibilities," *Grable*, 545 U.S. at 314, this court declines to rule on Plaintiffs' Motion to Remand at this time, deferring a determination on the merits so that the MDL court can uniformly treat this question in all similar cases pending before it.

The court understands from Patrick Arnold's affidavit, (Dkt. No. 22, Ex. A), that he is in delicate health.  However, the court does not perceive that its granting of Baxter's motion for stay of proceedings will unduly prejudice Plaintiffs, as the MDL court must address the jurisdictional question as a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).  The judicial economy to be saved in granting the motion for stay outweighs any sleight delay in the resolution of this important question.

Baxter's Motion for Stay of Proceedings Pending Transfer to the Judicial Panel on Multidistrict Litigation is accordingly granted and Plaintiffs' Motion to Remand is continued.